**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GENSI MATOS CONTRERAS,** | : | **CIVIL NO. 1:14-CV-1661** |
| | : | |
| Petitioner, | : | (Judge Kane) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **MARY SABOL, et al.,** | : | |
| | : | |
| Respondents. | : | |

**REPORT AND RECOMMENDATION**

**I.    Statement of Facts and of the Case**

This case involves a habeas corpus petition filed by the petitioner, Gensi Matos-Contreras, on August 26, 2014. (Doc. 1.) In this petition, the petitioner challenged his continued immigration detention pending removal from the United States. (Id.) On May 13, 2015, this case was referred to the undersigned, and we noted that it is reported that Matos-Contreras was removed by immigration officials from the United States. On these facts, we conclude that this petition should now be dismissed as moot.

**II.    Discussion**

In light of the action recently taken by immigration officials, removing the petitioner from the United States, this case is now moot and should be dismissed. The

1

mootness doctrine recognizes a fundamental truth in litigation: "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996). In the context of habeas corpus petitions mootness questions frequently turn on straightforward factual issues. Thus:

> [A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. Lane v. Williams, 455 U.S. 624, 631(1982). This general principle derives from the case or controversy requirement of Article III of the Constitution, which "subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477-78 (1990) (internal citations and quotations omitted). In other words, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. at 477(citations omitted).

DeFoy v. McCullough, 393 F.3d 439, 441-442 (3d Cir. 2005)

The mootness doctrine often applies with particular force to habeas petitions filed in immigration matters. In the context of federal habeas corpus petitions brought by immigration detainees, it is well-settled that administrative action by immigration officials addressing the concerns raised by an alien's petition renders that petition moot. Burke v. Gonzales, 143 F. App'x 474 (3d Cir. 2005); Gopaul v. McElroy, 115

F. App'x 530 (3d Cir. 2004).  Thus, for example, the release of an immigration detainee from ICE custody renders moot any further complaints regarding the fact of that detention.  Sanchez v. Attorney General, 146 F. App'x 547 (3d Cir. 2005)..  Similarly, the deportation of an alien also makes an immigration habeas corpus petition moot.  See Lindaastuty v. Attorney General, 186 F. App'x 294 (3d Cir. 2006).  As the United States Court of Appeals for the Third Circuit aptly noted in Lindaastuty v. Attorney General, 186 F. App'x 294 (3d Cir. 2006), when confronted with this precise situation: "because [the petitioner] has already been deported and is, therefore, no longer in custody, the challenge to her detention is moot and the habeas petition must be dismissed. " Id. at 298.

While the Lindaastuty decision is not precedential, it is highly persuasive as a "paradigm of the legal analysis [this Court] should . . . follow." Drinker v. Colonial Sch. Dist., 78 F.3d 859, 864 n.12 (3d Cir. 1996).  We find the reasoning in Lindaastuty compelling and conclude, consistent with Lindaastuty, that since Yan has been removed "and is, therefore, no longer in custody, the challenge to h[is] detention is moot and the habeas petition must be dismissed. " Id. at 298.

**III**.   **Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Petition be DISMISSED as moot.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 13th day of May, 2015.

*<u>S/Martin C. Carlson</u>*
Martin C. Carlson
United States Magistrate Judge
